HOLMES, Judge.
This is a state sales and use tax case.
The State appeals from an order of the Circuit Court of Montgomery County which set aside an assessment imposed by the State of Alabama Department of Revenue against the Saginaw Steering Gear Division, General Motors Corporation (Saginaw). The assessments were for $1,553,-482.03 and $524,658.84 for interest and penalties.
The case was tried upon stipulated facts, which include, in pertinent part, the following: Saginaw is a division of General Motors Corporation, and it operates a manufacturing facility near Athens. The facility is owned by the Industrial Development Board of the City of Athens (Board), and leased by the Board to Saginaw. The Board is a public corporation organized under the provisions of Ala.Code §§ 11-54-80 through 11-54-101 (1975), commonly known as “the Cater Act.”
*93 In 1974, the Board, Saginaw, and other parties, entered an agreement in which the Board agreed to acquire the site, construct a manufacturing plant for automotive parts and to acquire and install in the plant the necessary equipment. Subject to the terms of the agreement, the Board was to issue bonds not exceeding $1,000,000 to provide funds for the project.
The Board established a construction account in a state bank which was designated “The Industrial Development Board of the City of Athens, GM Project No. 1, General Facilities and Equipment.” All funds coming into the Board which were to be used for carrying out provisions of the agreement on the project were to be deposited into this account. Authorized withdrawals were allowed only by certain directors of the Board or authorized agents of the Board.
Under the agreement, the Board was obligated to complete the project and to pay for it using proceeds derived from the sale of bonds. In case the proceeds from the bonds were insufficient, the agreement provided Saginaw with three options, including the option for Saginaw to pay into the construction account such funds as needed to provide for payment of all costs. This option Saginaw took, paying funds into the Board’s construction account from time to time to pay for the project costs in excess of the bond proceeds.
All purchases for the project were made by the Board in its name. Title was taken in and remains in the Board’s name. Purchases were paid for by the Board with funds deposited in its construction account. No payments were made by checks issued by Saginaw.
Only those funds paid into the Board’s construction account by Saginaw were assessed for taxation by the State.
The narrow issue on appeal is whether the funds placed by Saginaw into the Board’s construction account constitute “funds belonging to the board” so as to be exempted from taxation under the Cater Act.
The tax exemption provision of the Cater Act provides:
“The industrial development board and all properties at any time owned by it and the income therefrom shall be exempt from all taxation in the state of Alabama.”
§ 11-54-96.
This statutory provision does not specifically mention sales and use taxes, but the Department of Revenue, through the issuance of Rule G27-916, has interpreted the tax exemption provision to apply to sales and use taxes on purchases by industrial boards provided certain conditions are met. Champion International Corporation v. State, 405 So.2d 932 (Ala.1980). These conditions require that the purchases were by the Board and were made in the name of the Board and the Board’s credit was obligated. There is no contention that those requirements were not met. However, the State does contend a final condition was not met. An amended Rule G27-916 added the condition that the property must be “paid for with funds belonging to the board.” Department of Revenue Rule G27-916, amended October 10, 1974; Champion International Corporation v. State, supra.
In the instant case, the State contends the funds in question did not “belong” to the Board, but were, in effect, held by the Board as trustee for Saginaw. Put another way, the State contends the funds at issue are not exempt under Rule G27-916 because they are not funds belonging to the Board, but rather “belong” to Saginaw and are held by the Board solely in a fiduciary capacity for the benefit of Saginaw. We do not agree, and affirm the order setting aside the assessment.
We believe the narrow issue in this case to be answered in language from our supreme court in Champion International Corporation v. State, supra, in which a similar question under different facts was raised.
In Champion, the lessee paid for the purchases with checks drawn on its own account. Then, it later deposited funds in the Board’s construction account and applied for reimbursement for those checks *94 drawn on its own account. The supreme court said a crucial question was who was the purchaser because the taxes are levied against the purchaser.
The import of Champion is that had the monies been deposited by the lessee into the Board’s account first, and the checks drawn on that account, a different result would have been reached.
In Champion, the court stated:
“The Cater Act, by granting power to industrial development boards to borrow money, mentions specifically only the authority of a board ‘To issue its bonds for the purpose of carrying out any of its powers,’ [§ ll-54-87(a)(7) ], and ‘[to] ... borrow money for temporary use for any of its corporate purposes .. . ’ [§ 11-54-91(a)]. It appears that the framers of the Cater Act envisioned that funding for building and equipping its facilities would be through the issuance of bonds and by temporary borrowing. The Department of Revenue, which is charged with the administration of the taxing statutes, provides another alternative for funding purchases.
“It is apparent that the department will consider an industrial development board to be the ‘purchaser’ when the requirements of its rules are met, even though the funds used for the purchase were not borrowed by the board, but were deposited with the board by the board’s lessee." (Emphasis added.)
Champion International Corporation v. State, supra, 405 So.2d at 935-6.
Hence in Champion, the state supreme court has said that even when the funds are deposited in the Board’s account by the Board’s lessee, as is the situation in the instant case, the Board is nonetheless entitled to an exemption where the other requirements of G27-916 are met.
We further note that G27-916 requires only that purchases be paid for “with funds belonging to the board.” Rule G27-916 does not limit, restrict or specify a source of such funds.
We note, not as authority but as a beneficial illustration of what constitutes “funds belonging to the board,” a memorandum issued by the Department of Revenue in 1976. In pertinent part, the memorandum stated:
“As to what constitutes ‘funds belonging to the board’ each case must stand on its own merits. It is our position that if the lessee deposits money in an established bank account of the board and the records of the board reflect that they authorized this bank account, then these funds so deposited by the lessee become funds of the board.”
The Board’s account was an established bank account of the Board duly authorized by the Board.
Only certain directors and authorized agents of the Board could withdraw funds from the account. Certainly that fact, among others, is consistent with the idea that the funds in question “belonged” to the Board.
The decision in Champion, in which the purchases would have been exempt had the lessee deposited funds into the Board’s account rather than pay such funds directly, is consistent with the memorandum.
Furthermore, the facts here support a finding that the funds at issue “belonged” to the Board in the common sense meaning of that word. We therefore hold that the funds at issue were funds “belonging” to the Board.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.